USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-13-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

UNITED STATES OF AMERICA

    -*against*-

SAMUEL WHITESIDE,

    *Defendant*.

-------------------------------------------------------------X

13 Cr. 576 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    The Court will hold a *Fatico* hearing beginning on July 18, 2016. Defendant Samuel Whiteside moves to exclude testimony regarding his prostitution business and instances in which he physically abused prostitutes who worked for him. The motion is DENIED.

    The primary purpose of the *Fatico* hearing is to determine the applicable "crime of violence" regarding Count One of the superseding indictment. Specifically, the Court must determine if Whiteside's killing of Martino constituted first degree murder, second degree murder, or voluntary manslaughter. To answer that question, the critical issues are premeditation and malice aforethought. *See* 18 U.S.C. § 1111(a); 18 U.S.C. § 1112(a).

    The testimony Whiteside seeks to exclude is potentially probative as to that inquiry, as it may be evidence of Whiteside's propensity to use violence to resolve disputes in his prostitution business. The Federal Rules of Evidence do not apply in *Fatico* hearings, so the testimony is admissible even if its probative value is substantially outweighed by any danger of prejudice. *See* U.S.S.G. § 6A1.3(a). Further, the testimony may inform the § 3553(a) factors that the Court will ultimately have to weigh in imposing a sentence.

## CONCLUSION

Defendant's motion to exclude testimony is DENIED. The Clerk is directed to terminate the motion at Docket 75.

Dated: New York, New York
       July 13, 2016

SO ORDERED

*Paul Crotty*

PAUL A. CROTTY
United States District Judge